UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Larry Holmberg | )<br>)<br>) |
| Plaintiff, | )  Civil Action No. _____<br>) |
| v. | )  **COMPLAINT FOR**<br>)  **PATENT INFRINGEMET** |
| Adirondack Optics, Inc. | ) |
| Defendants. | )  (JURY TRIAL DEMANDED)<br>) |

Plaintiff, Larry Holmberg ("Holmberg"), for his complaint against Defendant, Adirondack Optics, Inc. (Adirondack Optics), alleges as follows:

## THE PARTIES

1. Plaintiff Holmberg is an individual residing at 31554 410th Avenue Southeast, Gully, Minnesota, 56646.

2. Upon information and belief, Defendant Adirondack Optics is a corporation organized under the laws of the state of New York having a principal place of business at 1512 Front Street Keeseville, NY, 12944.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and particularly 35 U.S.C. § 271.

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, defendant Adirondack Optics transacts and has transacted business throughout the United States, and has committed tortious acts within the State of Minnesota, causing injury to Plaintiff Holmberg in the State of Minnesota, thereby establishing sufficient minimum contacts. This Court has personal jurisdiction over Adirondack Optics by reason of committing acts of infringement, inducement to infringe and/or contributory infringement within the State of Minnesota and this judicial district.

6. Venue in the United States District Court for the District of Minnesota is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because WGI are companies over which the Court has personal jurisdiction.

## **COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,880,793**

7. Holmberg incorporates and re-alleges paragraphs 1 through 6.

8. On February 1, 2011, U.S. Patent Number 7,880,793 entitled "Camera with Mounting Rail" ("the '793 patent") was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '793 patent is attached as Exhibit A to the Complaint.

9. Holmberg is the sole inventor and owner of the entire right, title, and interest in and to the '793 patent with the right to sue for past, present, and future infringement of the '793 patent.

10. Adirondack Optics has been and are making, using, selling, offering for sale, and/or importing, without license or authority from Holmberg, in this district and elsewhere in the United States, cameras that embody the invention(s) claimed in the '793 patent under 35 U.S.C. § 271.

11. Upon information and belief, Adirondack Optics will continue to directly infringe, contributorily infringe, and/or induce infringement of the '793 patent unless enjoined by the Court.

12. Holmberg has been damaged by Adirondack Optics' infringement of the '793 patent, and will continue to be damaged by that infringement unless enjoined by this court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Holmberg, prays for the following relief:

a. That Adirondack Optics, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them be found to have infringed the valid U.S. Patent No. 7,880,793, and be enjoined, preliminarily and permanently, from making, using, selling, offering for sale or importing into the United States products which infringe U.S. Patent No. 7,880,793;

b. That Holmberg be compensated by Adirondack Optics for the damages caused by Adirondack Optics' infringement of U.S. Patent No. 7,880,793 under 35 U.S.C. § 284, in an amount to be determined by an accounting, but not less than a reasonable royalty, plus interest;

c. That the award of damages for infringement of U.S. Patent No. 7,880,793 be trebled as provided for by 35 U.S.C. § 284 for willful infringement by Adirondack Optics.

d. That Holmberg be awarded its costs and attorneys' fees incurred in prosecuting this exceptional case, as provided for by 35 U.S.C. § 285, plus interest; and

e. That Holmberg be awarded such other relief as the Court deems just and proper.

## JURY DEMAND

Holmberg demands a jury trial on all issues so triable.

**Larry Holmberg,**

Dated: March 2, 2011    By:    s/ Carolyn H. B. Eckart
                                                          Carolyn H. B. Eckart (388,203)
                                                          David R. Fairbairn (28,125)
                                                          KINNEY & LANGE, P.A.
                                                          The Kinney & Lange Building
                                                          312 South Third Avenue
                                                          Minneapolis, MN  55415-1002
                                                          (612) 339-1863

                                                          **ATTORNEYS FOR PLAINTIFF**
                                                          **Larry Holmberg**